**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 3 0 2007

JAMES W. McCORMACK, CLER
By:_____
CLE[

UNITED STATES DISTRICT COURT OF THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| MOLLY SANDERS and WILLIAM SANDERS, individually and as representatives of all other persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RAVE MOTION PICTURES LITTLE ROCK, LLC, a Delaware limited liability company, d/b/a RAVE MOTION PICTURES; and RAVE REVIEWS CINEMAS, LLC, a Delaware limited liability company; BOSTON VENTURES, LP, a Delaware Limited partnership; <br><br> Defendants. | ) ) ) ) ) **COMPLAINT** ) **DEMAND FOR JURY TRIAL** ) ) ) ) Case No. **4.07·CV0000065 9 JLH** ) ) ) ) ) This case assigned to District Judge _____ ) and to Magistrate Judge _____ ) ) ) ) ) |

## COMPLAINT

Comes now, Molly Sanders and William Sanders, Plaintiffs in the above styled cause in their capacity as individuals and also as representatives of all other persons similarly situated, and hereby shows unto the Court as follows:

## I. INTRODUCTION

1.      This is an action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. Plaintiffs Molly Sanders and William Sanders ("Plaintiffs"), individually and on behalf of all other persons similarly situated, brings this action against the named Defendants based on Defendants' practice of violating 15 U.S.C. §1681c(g), a provision of the Fair and Accurate Credit Transactions Act ("FACTA") which was enacted by Congress in 2003 to aid in the prevention of identity theft and

credit/debit card fraud. Section 1681c(g) provides in pertinent part that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." Despite having had several years to bring themselves into compliance with the law, Defendants have willfully violated Section 1681c(g) repeatedly by printing either more than the last five digits of the credit card or debit card number or the expiration date of the card (herein singularly and/or collectively referred to as "Protected Information") on credit card or debit card receipts provided to consumers at the point of sale. Based on these violations, Defendants are liable to Plaintiff and the proposed class of other similarly situated consumers under 15 U.S.C. § 168ln.

## II. JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331. Venue is proper pursuant to 28 U.S.C. §1391(b) because Defendants conduct business in this district and have violated law here in the manner alleged herein, and because there is personal jurisdiction in this district over the Defendants.

## III. PARTIES

3.     Plaintiffs are residents of the State of Arkansas in this district and are "consumers" as defined by §1681a(c) of the FCRA. Pursuant to the Federal Rules of Civil Procedure, Plaintiffs seek to represent an Arkansas statewide class of consumers, likewise defined by §1681a(c).

4.     Defendants Rave Motion Pictures Little Rock, L.L.C., operates Rave Motion Pictures Theatres within the Eastern District of Arkansas, Little Rock Division. Rave Review Cinemas L.L.C is a managing member of the other named Defendants. Each of these Defendants lists their corporate address with the Secretary of State of Arkansas as 3333 Welborn Street, Suite 100, Dallas, Texas 75219.

5.     Defendant Boston Ventures, LP is a member of the other Defendants. Defendant Boston Ventures, LP lists its corporate address as 125 High Street, Boston, Massachusetts 02110.

6.     The Defendants are each, and collectively, a "person that accepts credit cards or debit cards for the transaction of business" under the FCRA, and pursuant to the definition of "person" as set forth therein.

## IV. EFFECTIVE DATE AND NOTICE OF STATUTE

7.     Section 1681c(g), by its express terms, became effective on December 4, 2004 with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions ("Cash Registers") and that were first put into use on or after January 1, 2005. As for Cash Registers that were in use before January 1, 2005, the statute did not become effective until December 4, 2006. Thus, Congress allowed those persons which were using Cash Registers put in use before January 1, 2005, sufficient time to make those Cash Registers compliant. In contrast, with respect to Cash Registers first put into use on or after January 1, 2005, Congress imposed liability immediately.

8.      Surrounding the enactment of FACTA, the major credit card companies including VISA, Mastercard, and other entities, including Cash Register sellers, began informing retailers of the need to truncate credit card information to comply with various state laws, with VISA or Mastercard policies and/or regulations, and/or with FACTA.

9.      Defendants are required and hereby requested to preserve and maintain all relevant evidence including but not limited to written and electronic records, communications and documents relating to (1) FACTA and/or similar truncation laws or regulations; (2) its credit and debit transactions, nationwide, in particular business locations and at particular Cash Registers; and (3) the acquisition, use and discontinuation of use of particular Cash Register, POS systems, terminals or other equipment that print credit and/or debit card receipts.

## V. ALLEGATIONS AS TO THE NAMED PLAINTIFFS

10.     On or about July 11, 2007, as well as at other times, Defendants printed the expiration date of Plaintiffs' credit cards on a receipt provided to Plaintiff at the point of a sale or transaction between Plaintiff and Defendants and thus Defendants violated 15 U.S.C. §1681c(g).

11.     Defendants' violation as alleged herein, was not an accident or an isolated oversight. Rather, Defendants willingly continued to use Cash Registers which were not programmed to, or otherwise did not, comply with Section 1681c(g). Defendants knew that is receipt-printing practice contravened the rights of consumers under the FCRA, or at a minimum, recklessly disregarded whether its practice contravened consumers' rights, and as a conspiracy, ignored the law, thereby placing Plaintiffs and similarly situated customers at greater risk of identity theft.

## VI. <u>CLASS ACTION ALLEGATIONS</u>

12.     Plaintiffs bring this action on behalf of themselves and a class of persons similarly situated in Arkansas (sometimes referred to herein as "Class Members"). This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure, Rules 23(a) and (b).

13.     Since January 1, 2005, and within the applicable statute of limitations period, Defendants printed the expiration date and/or printed more than the last five digits of Class Members' credit card or debit card numbers on the receipts provided to the Class Members at the point of a sale or transaction between Defendant and the Class Members. To the extent Defendants did so using Cash Registers that were first put in use on or before January 1, 2005, Defendant violated 15 U.S.C. §1681c(g).

14.     On or after December 4, 2006, Defendants printed the expiration date and/or printed more than the last five digits of Class Members' credit card or debit card numbers on the receipts provided to the Class Members at the point of a sale or transaction between Defendants and the Class Members. Each and every receipt violated 15 U.S.C. §1681(c)(g), irrespective of when the Cash Register was put into use.

15.     Defendants' violations were not the product of an accident or an isolated oversight. Rather, Defendants knowingly and intentionally continued to use Cash Registers which were not programmed to, or otherwise did not, comply with Section 1681c(g). Defendant knew that its receipt-printing practice contravened the rights of consumers under the FCRA, or, at a minimum, recklessly disregarded whether its practice contravened consumers' rights.

16.    CLASS DEFINITION: Plaintiff seeks to represent a class of customers of the Defendants (the "Class"), as follows:

All individuals in state of Arkansas who, on or after December 4, 2006, were provided at the point of sale or transaction with an electronically-printed receipt by Defendants on which Defendants printed more than the last five digits of the person's credit card or debit card number, or on which Defendants printed the expiration date of the person's credit or debit card.

17.    The members of the proposed Class (the "Class Members") can be ascertained from Defendants' records or from information readily accessible to Defendants. Notice can be sent to the Class Members by mail, email, the Internet, through publication in newspapers and periodicals, or by other means authorized by the Court.

18.    This action is brought and may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure.

(a) Numerosity: The class members are so numerous that joinder of all of them is extremely impracticable. Plaintiff reasonably believes and thereon alleges that the size of the class exceeds 2,000 persons.

(b) Commonality: Common questions of law and fact are shared by the class members. Such common questions include, but are not limited to, the following:

1)   Whether Defendants printed Protected Information on credit card or debit card receipts in violation of FACTA;

2) Whether Defendants' conduct constituted willful noncompliance with FACTA; and

3) Whether Class Members are entitled to recover statutory damages, punitive damages and/or attorney's fees.

(c) Typicality: Plaintiff's claims are typical of the claims of the class members. Plaintiff and the other class members were subjected to the same kind of unlawful conduct and the claims of Plaintiff and the other class members are based on the same legal theories.

(d) Adequacy of Representation: Plaintiff, individually and through counsel, will fairly and adequately protect the interests of the class, and Plaintiff has no interest adverse to the interests of the class. Plaintiff's attorneys are experienced class action attorneys, who will fully and adequately represent and protect the class, and are ready, willing and able to do so.

19.    This case is brought and may be maintained as a class action under Rules 23(b) (1), 23(b) (2) and/or 23(b) (3) of the Federal Rules of Civil Procedure.

(a) Risk of Inconsistent Judgments: The unlawful practices of Defendants alleged herein constitute a course of conduct common to class members. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or substantially impair or impeded the ability of the individual class members to protect their interests.

(b) Injunctive Relief: The unlawful practices of Defendants are applicable to the class thereby making injunctive relief or corresponding declaratory relief with respect to the class as a whole appropriate.

(c) Predominant Questions of Law or Fact: Questions of law or fact common to class members, including those identified above, predominate over questions affecting only individual members (if any), and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will allow a large number of similarly situated consumers to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it extremely difficult or impossible for individual class members to seek and obtain relief. On the other hand, a class action will serve important public interests by permitting consumers harmed by Defendants' unlawful practices to effectively pursue recovery of the sums owed to them, by deterring further unlawful conduct, and by aiding in the prevention of identity theft. The public interest in protecting the rights of consumers favors disposition of the controversy in the class action form.

## COUNT ONE

20.    Plaintiffs incorporate the paragraphs numbered 1 through 17 above by reference, and further states:

21.    During the relevant time period, as alleged above, Defendants repeatedly and systematically printed statutorily protected and prohibited information, i.e. (the

expiration date of consumer's credit card or debit card) and/or (more than the last five digits or a consumer's credit card or debit card number) on receipts it provided at the point of a sale or transaction to consumers, including Plaintiffs and Class Members, in violation of 15 U.S.C. §1681c(g).

22.    On information and believe, Plaintiffs allege that Defendants' conduct was pursuant to Defendants' policies, routine practices, procedures and customs for electronically printing receipts, at least with respect to the certain theater locations or Cash Registers which blatantly failed to comply with the law. Defendants knew or recklessly disregarded that its use of Cash Registers that did not comply with the law, and that is printing of Protected Information on customers' receipts, was in contravention of Plaintiffs' and Class Members' rights. As such Defendants' violations of FCRA, as alleged by Plaintiffs on behalf of themselves and Class Members, were willful under the FCRA.

23.    As a result of Defendants' willful violation of §1681c(g), Plaintiffs and each of the Class Members are entitled to monetary relief under 15 U.S.C. 1681n of not less than $100 and not more than $1,000 for each violation by Defendants.

24.    Plaintiffs and Class Members also were exposed to at least an increased risk of identity theft by reason of Defendants' conduct. Notwithstanding such exposure, Any Class Members who suffered substantial actual damages due to identity theft or other damages resulting from the violations alleged above will be entitled to opt out of this action, should they so desire and prove their claims in a separate action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant the following relief against Defendants, as follows:

a)  Certify this matter as a class action with the class being defined as:

All individuals in the state of Arkansas who, on or after December 4, 2006, were provided at the point of sale or transaction with an electronically-printed receipt by Defendants on which Defendants printed more than the last five digits of the person's credit card or debit card number, or on which Defendants printed the expiration date of the person's credit or debit card.

b)  That Plaintiffs be designated as the Class Representative and the Plaintiffs attorneys of record be designated as Class Counsel;

c)  That Defendants from henceforth be enjoined from printing more than the last five digits of the person's credit card or debit card number or printing the expiration date of the person's credit or debit card on receipts it provides at the point of a sale or transaction to consumers, including Plaintiffs and Class Members, in violation of 15 U.S.C. §1681c(g).

d)  That the Plaintiffs and each Class Member be awarded the statutory damages provided hereunder 15 U.S.C. §1681 for each willful violation as alleged hereunder;

e)  That punitive damages be awarded as allowed under 15 U.S.C. §1681n.

f)  That the Plaintiffs and other Class Members be awarded the costs of the litigation and attorney fees;

g)  That interest be awarded as permitted by law; and

h)  That such other further and different relief, be awarded, including but not limited to nominal damages, as the Court deems just and appropriate under the law.

_Gail O Matthew_
Gail O. Matthews
Ark Bar # 60025

**Of Counsel:**
Matthews, Sanders & Sayes
825 West Third Street
Little Rock, Arkansas 72201
(501) 378-0717
(501) 375-2924 fax
Email: rsanders@msslawfirm.com

_Alexander W. Jones, Jr_
Alexander W. Jones, Jr., *pro hac vice*
ASB-9177-O70A

_William S. Pritchard, III_
William S. Pritchard, III, *pro hac vice*
ASB-4346-P58W

**OF COUNSEL**:
Pritchard, McCall & Jones, L.L.C.
800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203-2605
(205) 328-9190
(205) 458-0035 fax
Email: alexj@pm-j.com; billyp@pm-j.com

_Joseph H "Jay" Aughtman_
Joseph H. "Jay" Aughtman, *pro hac vice*
ASB-8081-A43J

**OF COUNSEL:**
Beasley Allen Crow Methvin
    Portis & Miles, P.C.
218 Commerce Street
Montgomery, Alabama 36104
334-269-2343
334-269-2371 fax
Email: jay.aughtman@beasleyallen.com

DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury to the full extent permitted by law.

_Gail D Matthew_
Of Counsel

**Plaintiffs' Address**:
Molly Sanders
William Sanders
c/o Gail O. Mathews
825 West Third Street
Little Rock, Arkansas 72201


**Defendants to be served via certified mail as follows**:

RAVE MOTION PICTURES
LITTLE ROCK, LLC
Corporation Service Company
101 South Spring Street, Ste. 220
Little Rock, Arkansas 72201

RAVE REVIEWS CINEMAS, LLC
3333 Welborn Street, Suite 100
Dallas, Texas 75219

BOSTON VENTURES, LP
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801